**United States District Court**
For the Northern District of California

E-filed on:  5/29/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMADEO CABALLERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN LOAN SERVICING; FIDELITY NATIONAL TITLE CO.,<br><br>　　　　Defendants. | No. C-09-01021 RMW<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[Re Docket No. 13] |

　　　Defendant Ocwen Loan Servicing LLC's motion to dismiss came on for hearing before the court on May 29, 2009. Defendant Fidelity National Title Company filed a joinder in the motion. Plaintiff Amadeo Caballero, pro per, filed two documents in response to the motion, one captioned "Amendment to Complaint for Damages and Answer for Notice of Motion and Motion and Motion to Dismiss Complaint" and the other captioned Answer for Notice of Motion, and Motion and Motion do Dismiss Complaint, Affidavit and Proof of Service" (Docket Nos. 16 and 18). Both documents, to the extent they are decipherable, appear to be filed in opposition to the motion to dismiss. Having considered the papers submitted by the parties and the arguments at hearing on the motion, for good cause appearing, the motion is granted with leave to amend.

1  Plaintiff's complaint appears to arise out of efforts to foreclose on plaintiff's home on Groth
2  Drive in San Jose, CA.[1]
3   The complaint seeks to set forth five causes of action: violation of the Fair Debt Collections
4  Practices Act, Usury, Injunctive Relief, Breach of Contract, and Fraud.  There are no allegations in
5  the complaint identifying who the defendants are or what role each is alleged to have played in
6  connection with the circumstances giving rise to plaintiff's lawsuit.  Defendant Ocwen describes
7  itself as a "loan servicer."  Motion at 4.  It is unclear from the complaint what alleged role Fidelity
8  National Title Company played, but at oral argument Plaintiff contended that Fidelity is the
9  company that foreclosed on the property.

10  Defendant seeks dismissal of the Fair Debt Collection Practices Act claim on the basis that it
11  is not a "debt collector" within the meaning of the Act.  The FDCPA does not govern efforts by
12  creditors collecting their own debts.  15 U.S.C. §1692a(6).  Moreover, creditors, mortgagors and
13  mortgage servicing companies are not "debt collectors" and are exempt from liability under the Act.
14  Scott v. Wells Fargo Home Mortg., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003).  Defendant Ocwen is
15  a "loan servicer."  Therefore it is not a "debt collector" and no claim can be stated against it under
16  the FDCPA.  Accordingly, plaintiff's first claim for relief is dismissed.

17  The second cause of action is captioned "Usury," but the substantive allegations are largely
18  incomprehensible.  Usury involves charging interest on loans in excess of a statutory maximum.
19  Ghirardo v. Antonioli, 8 Cal.4th 791, 798 (1994).  The complaint does not allege that the interest
20  rate on the underlying loan was excessive.  Plaintiff is also cautioned that there are many exceptions
21  to the usury laws, and typically loans by banks and other loans secured by real property fall within
22  one or more exception.  The claim is dismissed with leave to amend.

23  The third cause of action is captioned "Request for Injunctive Relief."  The claim appears to
24  seek an injunction against threatened unlawful detainer proceedings or to enjoin the foreclosure of
25  the property.  Complaint ¶24.  An injunction is a form of remedy, not a separate claim for relief.

---

[1] There is some ambiguity regarding the identity of the property: the Complaint identifies the subject property as located on Liberty Road in Gault, CA, but the Amendment identifies the property as located on Groth Court in San Jose. [Complaint ¶1, Amendment ¶1].

ORDER GRANTING MOTION TO DISMISS — No. C-09-01021 RMW
TER                                                                2

1   Accordingly, the third cause of action is dismissed without prejudice to amending to seek injunctive
2   relief on a viable claim for which injunctive relief is appropriate.

3   The fourth cause of action is captioned "Breach of Contract" but it does not allege the
4   material terms of any agreement, or the breach of such terms by the defendants, or plaintiff's
5   performance, or resulting damages.  Accordingly, it fails to state a claim for breach of contract.
6   Moreover, many of the allegations sound in fraud, referring to general duties to disclose, concealing
7   material facts, and misrepresentation of facts, to plaintiff's detriment.  See Complaint, ¶¶28-35.  To
8   the extent that the fourth cause of action seeks to assert a claim for fraud, however, the underlying
9   facts have not been pleaded with the particularity required by Federal Rule of Civil Procedure 9(b).
10  Accordingly, the fourth cause of action is dismissed with leave to amend.

11  The fifth cause of action is captioned "Fraud."  The elements of fraud are a false
12  representation by defendant, made with knowledge of its falsity, intent to defraud, reasonable
13  reliance by plaintiff and resulting damage.  Unterberger v. Red Bull North America, Inc., 162 Cal.
14  App. 4th 414, 423 (2008).  Moreover, under Rule 9(b), a plaintiff must "state with particularity the
15  circumstances constituting the fraud."  FRCP 9(b).  This has been construed to require a plaintiff to
16  "state precisely the time, place and nature of the misleading statements, misrepresentations and
17  specific acts of fraud."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), cert. denied, 516 U.S.
18  810 (1995).  The allegations must be "specific enough to give defendants notice of the particular
19  misconduct which is alleged to constitute the fraud charged so that they can defend against the
20  charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727,
21  731 (9th Cir. 1985).  To provide such notice, the complaint must allege the time, place, speaker, and
22  sometimes even the content of the misrepresentation.  Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d
23  Cir.1990).  Here, the fifth cause of action is not pleaded with the level of particularity required and
24  gives no notice to the defendants of what, specifically, they are alleged to have done.  The claim is
25  dismissed with leave to amend.

26  At oral argument, the court sought to obtain information regarding the underlying
27  transaction. From plaintiff's statements at the hearing, it appears that his primary contentions are that
28  the loan was paid, yet despite payment, the property was foreclosed upon.  In amending his

ORDER GRANTING MOTION TO DISMISS — No. C-09-01021 RMW
TER                                                                   3

complaint, plaintiff should more clearly state these facts so that the defendants will be informed of the nature of the claims against them and be in a position to respond accordingly.

For the foregoing reasons, defendant Ocwen Loan Servicing LLC's motion to dismiss is GRANTED. Plaintiff shall have twenty days leave to file an amended complaint. In the amended complaint, plaintiff shall state the following:

1. State when he took out the loan;

2.. Identity the lender;

3. Attach a copy of the Promissory Note and Deed of Trust, if copies are available;

4. If plaintiff contends that he made all payments required under the loan, this preferably should be stated by giving the dates and amounts of payments in the amended complaint;

5. If plaintiff contends that there was a foreclosure despite the fact that he made all payments, this should be stated in the complaint; and,

6. Identify who was involved in the foreclosure, i.e., the persons or companies that plaintiff contends wrongfully foreclosed on the property.

DATED: 5/29/09

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO DISMISS — No. C-09-01021 RMW
TER
4

1 **Notice of this document has been sent electronically to:**

2 **Counsel for Defendant Ocwen Loan Servicing**

3 Patrick Lee          pblair@houser-law.com

5 **A copy of this document has been mailed to:**

7 **Plaintiff:**
Amadeo Caballero
c/o 583 Groth Drive
San Jose, CA 95111

10 **Counsel for Defendant Fidelity National Title Company**

11 Jeffrey S. Nelson
Attorney at Law
100 N. Wiget Lane, Suite 150
Walnut Creek, CA 94598

15 **Dated:**   5/29/09                              TER
**Chambers of Judge Whyte**